UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CR 00165 MTS |
| | ) | |
| DEVIN J. LEWIS, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant, Devin J. Lewis, represented by defense counsel, Mark Hammer, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the Indictment, the Government agrees to move for the dismissal as to the defendant of Counts Two and Three at the time of sentencing.  Moreover, the United States agrees that no further federal prosecution will be brought in this

1

District relative to the events that give rise to the charges in the Indictment of which the United States is aware at this time.

The parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The parties have discussed the possible application of a two-level enhancement under Guidelines Section 2B1.1(b)(10)(A), the relocation of a fraudulent scheme, and have agreed to recommend that this Specific Offense Characteristic should not be applied in this case.

The defendant also agrees, pursuant to the guilty plea to Count One, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to all gift cards seized during the investigation.

**3. ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 1029(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    1.    The defendant knowingly used a counterfeit access device;

    2.    The defendant acted with the intent to defraud; and

2

3.     The defendant's conduct in some way affected interstate commerce between one
       state and another state or between a state of the United States and a foreign
       country.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would
prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be
considered as relevant conduct pursuant to Section 1B1.3:

On or about May 7, 20.·19, in St. Louis County, within the Eastern District of Missouri,
the defendant purchased two $150.00 gift cards at a Raising Cane's restaurant located in
Maplewood, Missouri. The defendant completed the fraudulent purchase by using a US Bank
card that had been re-encoded with US Bank account information belonging to victim "A.R."
Victim A.R. did not know the defendant and did not give the defendant permission to use his/her
bank account information.

On or about June 10, 2019, the defendant returned to Raising Cane's and attempted to
purchase gift cards. The cashier recognized the defendant from the prior fraudulent transaction
and notified the police. The defendant was placed under arrest by the Maplewood Police
Department. Law enforcement conducted a lawful search of the defendant's vehicle and
recovered sixteen re-encoded gift cards and credit cards.

The officers advised the defendant of his constitutional rights pursuant to *Miranda v.
Arizona*. The defendant advised that he understood his rights and made a knowing and voluntary
statement admitting that he made the fraudulent cards in New York and transported them to St.
Louis to use them because the laws on fraudulent cards are stricter in New York than in the

3

Midwest.  The defendant further stated that he used fraudulent cards on two occasions prior to his arrest.

The parties agree that the following information may be considered as relevant conduct: On or about June 17, 2019, in Des Peres, Missouri, within the Eastern District of Missouri, the defendant was arrested relative to an investigation into the use of fraudulent credit cards to purchase liquor at Schnuck's grocery store.  During a lawful search of the defendant, law enforcement recovered 22 re-encoded gift cards from his wallet.

**5. STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both such imprisonment and fine.  The Court may also impose a period of supervised release of not more than 3 years.

**6. U.S. SENTENCING GUIDELINES:  2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:**  The parties agree that the base offense level is 6, as found in Section 2B1.1(a)(2).

**(2) Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply: (a) 4 levels should be added pursuant to Section 2B1.1(b)(1)(c)

4

because the amount of loss was more than $15,000.00 but less than $40,000.00; (b) 2 levels

should be added pursuant to Section 2B1.1(b)(2)(A) because the offense involved 10 or more

victims; and (c)  2 levels should be added pursuant to Section 2B1.1(b)(11)(B)(i) because the

offense involved the production of any unauthorized access device or counterfeit access device.

   b.  **Chapter 3 Adjustments:**

      **(1)  Acceptance of Responsibility:** The parties agree that two levels should be

deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated

acceptance of responsibility and timely notified the government of the defendant's intention to

plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon

information presently known.  If subsequent to the taking of the guilty plea the government

receives new evidence of statements or conduct by the defendant which it believes are

inconsistent with defendant's eligibility for this deduction, the government may present said

evidence to the court, and argue that the defendant should not receive all or part of the deduction

pursuant to Section 3E1.1, without violating the plea agreement.

   **(2) Other Adjustments:** The parties agree that the following additional adjustments

apply: None.

   c.  **Other Adjustment(s)/Disputed Adjustments:** None.

   d.  **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is

12.

   e.  **Criminal History:** The determination of the defendant's Criminal History Category

shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the

Presentence Report as to the defendant's criminal history and the applicable category.  The

defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.  Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than

6

Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b.  Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.  Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER:**

**a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.  Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the

defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished

**d.  Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100.00, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the indictment.

      **g. Forfeiture:**  The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities.  The defendant specifically agrees to the forfeiture of all gift cards and credit cards seized during the course of this investigation.  The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture.  The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

      In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance

9

of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

10

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

11

where the Court rejects those portions of the plea agreement which deal with charges the

government agrees to dismiss or not to bring.

9/20/2021
_____
Date

_____
Jennifer J. Roy
Assistant United States Attorney

9/20/2021
_____
Date

_____
Devin Lewis
Devin J. Lewis
Defendant

20 Sept 2021
_____
Date

_____
Mark Hammer
Attorney for Defendant

12